# United States District Court
# Northern District of Indiana

| | | |
|---|---|---|
| LAVARTER LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:10-CV-272 JVB |
| | ) | |
| DR. AHMED, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Lavarter Lewis, a *pro se* prisoner, filed an amended complaint under 42 U.S.C. § 1983. (DE 6.) Pursuant to 28 U.S.C. § 1915A, the Court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). The Court applies the same standard as when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. In determining whether the complaint states a claim, the Court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Here, Lewis alleges that between July 2010 and November 2010, he received inadequate medical care while being housed at the Elkhart County jail. At the time Lewis entered the jail, he was suffering from diabetes and previously had three toes amputated due to complications from the disease. Lewis asserts that while he was housed at the jail, he was routinely served non-diabetic food trays and received improper dosages of his medications from Dr. Ahmed, a prison physician, despite his repeated complaints. He states that at some point he was transferred to the medical isolation ward, but the lack of proper care continued. He eventually went into insulin shock, causing his feet to blacken. He complained to Corporal Branch and Officer Boyer, two correctional officers at the jail, but they were dismissive of his complaints and did nothing to assist him. A paralegal visiting Lewis in jail noticed the condition of his feet and brought the matter to the attention of the judge at Lewis's next criminal hearing. Lewis claims that the judge asked to see his feet and upon doing so, immediately sent a directive to the jail to provide him with proper medical treatment. He claims the jail began properly treating him at that time. A short time later, Lewis was transferred to an Indiana Department of Correction ("IDOC") facility to begin serving his sentence. Upon his transfer he was examined by medical personnel, who determined that his condition had permanently deteriorated into type I insulin-dependent diabetes. He attributes the deterioration to the lack of proper treatment he received at the jail.

Under the Eighth Amendment, inmates are entitled to adequate medical care.[1] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must show: (1) he had a

---

[1] It appears from the complaint that Lewis was a pretrial detainee when these events began, such that the Fourteenth Amendment applied, but that he was convicted during the course of the events, at which time the Eighth Amendment became applicable. *Thomas v. Cook County Sheriff's Dep't*, 604 F.3d 293, 301 n.2 (7th Cir.2010). This is a distinction without a difference, however, because the standards governing a denial of medical care claim are the same under the Fourteenth and Eighth Amendments. *Id.*

2

serious medical need; and (2) the defendant acted with deliberate indifference to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that "a physician has diagnosed as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Conduct is deliberately indifferent "when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal quotation marks omitted). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008).

Giving Lewis the inferences to which he is entitled at this stage, he has alleged that his diabetes constituted a serious medical need. Lewis further alleges that Dr. Ahmed failed to provide him proper treatment for his diabetes despite his repeated complaints, including giving him improper dosages of his medications. He asserts that Dr. Ahmed's actions caused him to go into insulin shock and resulted in a permanent deterioration of his condition. Accepting his allegations as true, he has stated a claim against Dr. Ahmed.

Lewis also alleges that he complained about the lack of proper treatment to Corporal Branch and Officer Boyer, but they were dismissive of his complaints and did nothing to help him. As non-medical staff, these officers might ordinarily be entitled to defer to the judgment of

medical staff regarding Lewis's care. *See Hayes v. Snyder*, 546 F.3d 516, 526 (7th Cir. 2008). However, Lewis has alleged facts showing that the manifestation of his health problems—his blackening feet —were readily visible to even an untrained observer. This should have indicated to the officers that Lewis's medical needs were not being properly addressed. *See id.* at 527 ("[N]onmedical officials can be chargeable with the Eighth Amendment scienter requirement of deliberate indifference where they have a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner."). Giving Lewis the inferences to which he is entitled at this stage, he has stated a deliberate indifference claim against Corporal Branch and Officer Boyer.

Lewis also sues Sheriff Mike Brooks, claiming that the Sheriff retaliated against him in violation of the First Amendment by transferring him to the medical ward after he complained about the lack of proper treatment he was receiving. (DE 1 at 4.) To be held liable under 42 U.S.C. § 1983, Sheriff Brooks must have been personally involved in the violation of Lewis's constitutional rights. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Other than this one reference, the Sheriff is not mentioned anywhere in the body of the complaint, and there is nothing from which it can be plausibly inferred that the Sheriff had personal involvement in these events or was even aware of Lewis's complaints. The Sheriff also cannot be held liable for the actions of other jail personnel simply by virtue of his position as the official overseeing the jail. *Id.*

Additionally, Lewis has not alleged facts from which it can be plausibly inferred that he was transferred in retaliation for exercising his First Amendment rights. *See Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009). Lewis asserts that he was placed in the medical ward after he

4

complained about his medical care, but suspicious timing alone cannot establish a claim of retaliation. *Smith v. Dunn,* 368 F.3d 705, 708 (7th Cir. 2004). Nor is the timing particularly suspicious, since the medical ward would be an appropriate place to house an inmate with serious medical needs like Lewis. Indeed, it would be odd to conclude that a jail official could not transfer an inmate to the medical unit for closer monitoring after he complained about a lack of medical care. Based on the allegations in the complaint, Lewis has not alleged a plausible First Amendment retaliation claim against the Sheriff, and he will be dismissed as a defendant.

For these reasons, the Court:

(1) **GRANTS** Lavarter Lewis leave to proceed against Dr. Ahmed, Corporal Branch, and Officer Boyer in their individual capacities for compensatory and punitive damages for failing to provide him with adequate medical care for his diabetes while he was housed at the jail;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** Sheriff Mike Brooks;

(4) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service on Dr. Ahmed, Corporal Branch, and Officer Boyer;

(5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), Dr. Ahmed, Corporal Branch, and Officer Boyer to respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED** on January 26, 2011.

 s/ Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United States District Judge  
Hammond Division