# United States District Court
# Northern District of Indiana

| | | |
|---|---|---|
| LAVARTER LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:10-CV-272 JVB |
| | ) | |
| DR. AHMED, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Lavarter Lewis, a *pro se* prisoner, was granted leave to proceed on a claim that he was denied adequate medical care for his diabetes while he was housed at the Elkhart County Corrections Facility ("the jail"). (DE 10.) The defendants—the jail's treating physician and two correctional guards—move for summary judgment on the ground that the action is untimely. (DE 26.)

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). The court may not weigh conflicting evidence or make credibility determinations, both of which are functions of the jury. *Omnicare, Inc. v. UnitedHealth Grp., Inc.*, 629 F.3d 697, 704-05 (7th Cir. 2011). Nevertheless, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the

evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Actions brought under 42 U.S.C. § 1983 are subject to the statute of limitations applicable to personal injury actions in the state in which the alleged injury occurred; in Indiana, such claims must be brought within two years of when the cause of action accrues. *See* IND. CODE § 34-11-2-4; *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). Untimeliness is an affirmative defense on which the defendants bear the burden of proof. *Cancer Foundation, Inc. v. Cerberus Cap. Mgmt.*, 559 F.3d 671, 674 (7th Cir. 2009).

In his amended complaint, Lewis alleged that while he was housed at the jail as a pretrial detainee, he was denied adequate medical care for his diabetes, which caused him to suffer blackening feet and other medical complications. (DE 6.) He alleged that for some period he was housed in the jail's medical isolation ward, but the conditions there were inadequate. He further alleged that he began to receive proper medical care at the jail after the judge presiding over his criminal case intervened upon noticing his blackened feet at a status hearing. According to the amended complaint, these events transpired sometime between July 2010 and November 2010. (*Id.* at 3.)

In support of their motion for summary judgment, the defendants submit evidence showing that Lewis was not housed at the jail in 2010; rather, records show that he arrived at the jail on July 12, 2007, and left on September 9, 2008, to serve his sentence at an Indiana Department of Correction facility. (DE 27-1, Keim Aff. ¶ 7; DE 27-1 at 8-9.) The defendants also point to two grievances Lewis filed in July 2007 and November 2007 complaining about the

conditions in the medical isolation ward. (DE 6-1.) Based on this evidence, the defendants argue that the events giving rise to this suit occurred no later than November 2007, and therefore this action initiated on May 28, 2010,[1] was untimely. (DE 27.)

Despite having been given notice of the motion for summary judgment (DE 30), Lewis has not submitted any response. Based on the undisputed documents submitted by the defendants, it is apparent that the dates Lewis provided in his complaint are not accurate. Because Lewis was not at the jail in 2010, the events he complains of could not have occurred in that year. Nevertheless, it remains possible that Lewis has a timely claim; because the original complaint was filed on May 28, 2010, a claim arising from the denial of medical care occurring between May 28, 2008, and the date he left the jail—September 9, 2008—would be timely. *See Behavioral Inst. of Ind., LLC*, 406 F.3d at 929. Lewis acknowledges in his complaint that he began receiving proper medical care at the jail after a status hearing in his criminal case, but it is unknown whether that hearing occurred before or after May 2008. (*See* De 6 at 3-4.) Without some response from Lewis to show that he is seeking damages for the denial of medical care occurring between May 2008 and September 2008, the court cannot conclude that this action is timely.

Therefore, pursuant to FEDERAL RULE OF CIVIL PROCEDURE 56(e)(1), the court will afford Lewis an opportunity to file a response to the motion for summary judgment showing that he was denied proper medical care between May 28, 2008, and September 9, 2008. He should

---

[1] This is the date Lewis signed the original complaint and tendered it to prison officials for mailing. *See Houston v. Lack,* 487 U.S. 266 (1988) (*pro se* prisoner's document deemed filed when he tendered it to prison authorities for mailing). The original complaint did not contain any specific dates of the events giving rise to the suit; the court struck the complaint based on numerous deficiencies, including a lack of clarity regarding the relevant dates. (*See* DE 3.) In his amended complaint, Lewis alleged that the events occurred in 2010. (DE 6.) At the pleading stage, the court was required to accept Lewis's allegations as true. *See Estate of Davis v. Wells Fargo Bank*, 633 F.3d 529, 533 (7th Cir. 2011); *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

attach any documentation he has in his possession or can obtain pertaining to his medical care during those dates, including any documentation regarding the status hearing at which the state criminal judge ordered the jail to provide him with proper medical care. If Lewis fails to respond, the court will accept the defendants' assertion of fact that the events giving rise to this lawsuit occurred no later than November 2007, and will dismiss this action as time-barred.

For the reasons set forth above, the court:

(1) **TAKES** the motion for summary judgment (DE 26) under advisement;

(2) **GRANTS** the plaintiff to and including **September 9, 2011,** to submit a response to the motion for summary judgment showing that he was denied proper medical treatment at the Elkhart County Corrections Facility between May 28, 2008, and September 9, 2008; and

(3) **CAUTIONS** him that if he fails to respond, this action will be dismissed as time-barred.

**SO ORDERED** on August 5, 2011.

 s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division